IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Earnest Jermaine Young, | No. 4:15-cv-03039-RMG |
| Petitioner, | **ORDER** |
| vs. | |
| Linda Thomas, *Warden*, | |
| Respondent. | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 8), recommending that the petition be dismissed without prejudice. For the reasons stated below, the Court **DECLINES** to adopt the R & R but **DISMISSES** the petition without prejudice on other grounds.

## I. Background

Petitioner pled guilty to one count of being a felon in possession of a fire arm. *United States v. Young*, Case No. 6:07-cr-00833-HMH, Dkt. Nos. 19, 33, 34. He was determined to be an armed career criminal under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4 and sentenced to one hundred and eighty months. *See id.*, Dkt. Nos. 39, 46, 53. Petitioner filed a § 2255 petition on March 28, 2011, which was dismissed. *Id.*, Dkt. Nos. 54, 58. Petitioner filed a second § 2255 petition on June 23, 2014, which was dismissed as successive. *Id.*, Dkt. Nos. 64, 65.

Petitioner filed the instant § 2241 petition on August 4, 2015. (Dkt. No. 1). Petitioner claims that the enhancement to his sentence as an armed career criminal cannot stand after the U.S. Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held the residual clause of the Armed Career Criminal Act (ACCA) unconstitutional. Relying on the

Fourth Circuit's decision in *United States v. Surratt*, 797 F.3d 240 (4th Cir. 2015), *reh'g en banc granted and opinion vacated* (Dec. 2, 2015), the Magistrate Judge found that Petitioner could not satisfy the § 2255 savings clause and, therefore, recommended dismissing the § 2241 petition. (Dkt. No. 8). Petitioner has filed objections to the R & R. (Dkt. No. 17).

## II. Discussion

A prisoner may file a habeas petition under § 2241 only if the collateral relief typically available under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). If a § 2241 petition does not fall within the scope of this "savings clause," then the district court must dismiss the "unauthorized habeas motion . . . for lack of jurisdiction." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010).

Under current Fourth Circuit law, § 2255 relief is inadequate or ineffective when

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 329 (4th Cir. 2000).

The Magistrate Judge's R & R was based on *United States v. Surratt*, 797 F.3d 240 (4th Cir. 2015). In *Surratt*, a Fourth Circuit panel, in a 2-1 vote, held that *Jones* requires "actual innocence of a criminal act" for relief under § 2241. *Id.* at 247. Thus, the panel held that substantive law changes regarding elements of sentence enhancements, as opposed to elements of the criminal offense, cannot be the basis of a § 2241 petition. *Id.* at 247-48. Relying on *Surratt*, the Magistrate Judge found the § 2255 savings clause inapplicable here. (Dkt. No. 8). The Court

agrees with the Magistrate Judge's application of the *Surratt* panel opinion to the facts in this case. However, after the Magistrate Judge issued his R & R, the Fourth Circuit granted a rehearing en banc in the case and, thus, vacated the *Surratt* panel opinion. *See* Fourth Cir. R. 35(c) ("Granting of rehearing en banc vacates the previous panel judgment and opinion."); *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 268 (4th Cir. 2015) ("The panel's decision was vacated, however, by our grant of rehearing en banc."). Therefore, this opinion is no longer good law and the Court declines to adopt the R & R. However, the Court dismisses the petition on other grounds.

The *Surratt* panel opinion found the § 2255 savings clause inapplicable where prior convictions used to enhance a petitioner's sentence no longer count as predicate offenses; the change in law did not concern a constitutional question. *See id.* at 243. Under § 2255(h), a successive § 2255 petition is allowed where it contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Because Surratt's motion to certify a successive § 2255 petition was not based on a new rule of *constitutional* law, the Fourth Circuit denied Surratt's motion to file a successive § 2255 petition, *see Surratt*, 797 F.3d at 243, and the court had to reach the question of whether a new rule of law regarding sentence enhancements could be the basis of a § 2241 petition.

Here, however, the Court need not reach that question. Petitioner's claim is based on a new rule of constitutional law, specifically the U.S. Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held the residual clause of the ACCA unconstitutional. To the extent that *Johnson* is "made retroactive to cases on collateral review," Petitioner may file a motion with the Fourth Circuit Court of Appeals pursuant to § 2244 to

certify a successive § 2255 petition. To the extent *Johnson* is not retroactive and does not apply to cases on collateral review,[1] he cannot obtain relief in any habeas proceeding, § 2255 or otherwise. In other words, § 2255 is adequate "to test the legality of his detention." 28 U.S.C. § 2255(e).

Therefore, for the reasons stated above, the Court **DECLINES** to adopt the R & R and **DISMISSES** the petition without prejudice and without requiring the respondent to file a return. The Clerk is directed to send a courtesy copy of this Order to the Federal Public Defender for this District.[2]

**IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

December 21, 2015
Charleston, South Carolina

---

[1] It is not clear whether *Johnson* is retroactive. The Supreme Court did not expressly state whether *Johnson* was retroactive, and there is a circuit split on the issue. *Compare Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015) (finding *Johnson* retroactive and authorizing successive petition) with *In re Gieswein*, 802 F.3d 1143, 1148-49 (10th Cir. 2015) (finding *Johnson* not retroactive and denying motion for leave to file a successive petition).

[2] *See* Standing Order, No. 3:15-mc-325 (D.S.C. Oct. 9, 2015).